# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL D. ORELLANO,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00482-RCJ-WGC

**ORDER**

    Before the court are petitioner's motion for leave to file longer than normal petition and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court grants the motion to file a long petition. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss some grounds for relief. The court will serve the petition upon the Attorney General of the State of Nevada for a response to the remaining grounds.

    Petitioner was convicted in state court of four counts of lewdness with a child under the age of fourteen. On direct appeal the Nevada Supreme Court determined that two of the counts were redundant and reversed the convictions for them. Petitioner pursued unsuccessfully a post-conviction habeas corpus petition through the state courts before turning to this court.

    The petition contains fourteen grounds for relief. Petitioner has not alleged any facts within the body of the petition itself. He incorporates by reference claims that he made in state-court proceedings. He has attached copies of those documents, identified them by exhibit number and his citations are specific enough that the court can determine the grounds for relief.

In grounds 1 and 2, petitioner claims that his conviction on four counts of lewdness with a child under the age of fourteen violates the Double Jeopardy Clause of the Fifth Amendment because they are redundant. Petitioner presented the same claim to the Nevada Supreme Court on direct appeal, and that court reversed the convictions of the redundant counts. Ex. 4. The amended judgment of conviction shows that the state district court dismissed the redundant counts. Ex. 2. This court cannot grant petitioner any relief than what he already has received. The court dismisses grounds 1 and 2.

Grounds 3, 5, and 7 are claims of violations of the Due Process Clause of the Fifth Amendment. Grounds 4, 6, and 8 are claims of violations of the Due Process Clause of the Fourteenth Amendment. The Fifth Amendment's guarantee of due process applies only to actions of the federal government. It is inapplicable to petitioner's custody, which is pursuant to a judgment of conviction of a state court. The court will not construe grounds 3, 5, and 7 to be Fourteenth Amendment claims, because then they would be redundant to grounds 4, 6, and 8. Instead, the court dismisses grounds 3, 5, and 7.

Ground 9 also is a claim of violations of the Due Process Clause of the Fifth Amendment. However, there is no corresponding Fourteenth Amendment claim in the petition. The court will not dismiss ground 9, with the understanding that the Fourteenth Amendment actually is the applicable constitutional provision.

Ground 14 is a claim of ineffective assistance of trial counsel and appellate counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

Petitioner alleges that police detective Baltas testified at trial about what Anibal Castillo told him. He also alleges that Sandra Orellana testified at trial about what the victim told her. He claims that trial counsel should have objected to the testimony and that appellate counsel should have raised the issues on direct appeal. Those claims are without merit. "[W]hen the declarant appears

for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) (citing California v. Green, 399 U.S. 149, 162 (1970)). The documents that petitioner has attached to the petition show that both Castillo and the victim themselves testified and were subject to cross-examination at trial. There were no violations of the Confrontation Clause. Neither trial counsel nor appellate counsel performed deficiently, and petitioner suffered no prejudice from the lack of objection. The court dismisses ground 14.

Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted in this action.

IT IS THEREFORE ORDERED that the clerk of the court shall file the motion for leave to file longer than normal petition.

IT IS FURTHER ORDERED that the motion for leave to file longer than normal petition is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that grounds 1, 2, 3, 5, 7, and 14 of the petition are **DISMISSED** from this action.

IT IS FURTHER ORDERED that the clerk of the court shall file the motion for appointment of counsel

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

Dated:   June 3, 2014

_____
ROBERT C. JONES
United States District Judge