# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL D. ORELLANO,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00482-RCJ-WGC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6), respondents' motion to dismiss (#11), and petitioner's response (#17). The court finds that petitioner has not exhausted his available state-court remedies for grounds 8, 9, and part of 4, and the court grants the motion.

    After a jury trial in state district court, petitioner was convicted of four counts of lewdness with a child under the age of 14. Ex. 18 (#13). Petitioner appealed. The Nevada Supreme Court found that two of the counts were redundant and reversed them. The Nevada Supreme Court affirmed in all other respects. Ex. 25 (#13). The state district court then entered an amended judgment of conviction on two counts of lewdness with a child under the age of 14. Ex. 37 (#13). Petitioner then filed in state district court a habeas corpus petition and a supplement. Ex. 34, Ex. 39 (#13). The state district court denied the petition. Ex. 43 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (#13). The federal habeas corpus petition (#6) followed.

    Respondents argue that petitioner has not exhausted his state-court remedies for part of ground 4 and all of grounds 8 and 9. Before a federal court may consider a petition for a writ of

habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 4 has two parts, and respondents argue that ground 4(1) is unexhausted. Ground 4(1) is a claim that the trial court deprived petitioner of due process of law because it did not hold a competency hearing before the minor victim testified. Respondents note correctly that petitioner did not present this as an issue of federal law on direct appeal. Most of the cases that petitioner cited involved only state law. See Ex. 22, at 12-16 (#13). Petitioner did cite one decision of the Supreme Court of the United States, Wheeler v. United States, 159 U.S. 523 (1895). Ex. 22, at 13-14. However, the Supreme Court did not make any constitutional rulings in Wheeler. That case was an appeal from a criminal conviction in a lower federal court, and the Supreme Court was acting in its supervisory role over that court. Petitioner has not presented a federal-law issue regarding ground 4(1) to the state courts, and it is unexhausted.

In ground 8, petitioner argues that he was deprived of due process of law because of two errors in jury instructions. First, he claims that a instruction that a victim's testimony need not be corroborated is inapplicable in lewdness cases. Second, he claims that the instruction defining

lewdness incorrectly stated that each individual touching was punishable as a separate act. Petitioner presented similar grounds to the Nevada Supreme Court on direct appeal, but he litigated them only as issues of state law. See Ex. 22, at 21-22 (#13). Ground 8 is unexhausted.

In ground 9, petitioner argues that he was deprived of due process of law because of prosecutorial misconduct. First, the prosecutor commented on petitioner's decision not to testify at trial. Second, the prosecutor commented on the reasonable-doubt standard. Petitioner presented similar grounds to the Nevada Supreme Court on direct appeal, but he litigated them only as issues of state law. See Ex. 22, at 23-24 (#13). Ground 9 is unexhausted.

Petitioner's response (#17) argues that the court already determined that these grounds were exhausted. The court has screened the petition for grounds that were without merit on their faces, but the court has made no determination, until now, that his grounds were exhausted. See Order (#4). In the alternative, petitioner asks the court to dismiss the grounds that it finds are unexhausted, which the court will do. See Response, at 3 (#17).

Petitioner has filed a motion for enlargement of time (#18). He appears to be asking for more time to file a reply to the answer, but respondents have not yet filed an answer. In any event, the motion is made moot by the briefing schedule in this order, below. If petitioner needs additional time beyond what is scheduled, he may file a new motion for enlargement of time.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#11) is **GRANTED**. Grounds 4(1), 8, and 9 are **DISMISSED** from this action for failure to exhaust the available state-court remedies.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

///
///
///
///

IT IS FURTHER ORDERED that petitioner's motion for enlargement of time (#18) is **DENIED** as moot.

Dated: March 24, 2015.

ROBERT C. JONES
United States District Judge