# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL D. ORELLANO,[1]

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00482-RCJ-WGC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6), respondents' answer (ECF No. 20), and petitioner's reply (ECF No. 24). The court finds that petitioner is not entitled to relief, and the court denies the petition.

In state district court, petitioner was charged with ten counts of lewdness with a child under the age of 14, a felony defined by Nev. Rev. Stat. § 201.230 (2005). Ex. 3 (ECF No. 12-3). A jury found petitioner guilty of four counts, 1, 2, 6, and 7, and he was so convicted. Ex. 16 (ECF No. 13-1), Ex. 18 (ECF No. 13-3). Petitioner appealed. The Nevada Supreme Court reversed two counts because they were redundant. Ex. 25, at 2-3 (ECF No. 13-10, at 3-4). Otherwise, the Nevada Supreme Court affirmed petitioner's conviction. The state district court entered an amended judgment dismissing counts 6 and 7. Petitioner currently is serving two consecutive sentences of life imprisonment with minimum eligibility for parole after 10 years. Ex. 37 (ECF No. 13-22).

---

[1] The action was docketed with the name "Orellano" because that is how it appeared to be spelled on the first page of the habeas corpus petition (ECF No. 6). State-court documents indicate that petitioner's surname might be "Orellana."

Petitioner filed in state district court first a habeas corpus petition and then a supplemental petition. Ex. 34 (ECF No. 13-19), Ex. 39 (ECF No. 13-24). The state district court denied the petition. Ex. 43 (ECF No. 13-28). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (ECF No. 13-33).

Petitioner then commenced this action. Grounds 1 and 2 of the petition were claims that petitioner's convictions on four counts of lewdness with a child violated the Double Jeopardy Clause of the Fifth Amendment. The court dismissed grounds 1 and 2 because petitioner already had received relief in state court. Order, at 2 (ECF No. 4). The court dismissed grounds 3, 5, and 7 because, properly construed as claims of violations of the Due Process Clause of the Fourteenth Amendment, they were redundant to grounds 4, 6, and 8. Id. Ground 14 contained claims of ineffective assistance of trial counsel and appellate counsel. The court dismissed ground 14 because the underlying claim of a violation of the Confrontation Clause was without merit, and thus petitioner could not show deficient performance or prejudice. Id. at 2-3. Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability on these grounds.

Respondents filed a motion to dismiss (ECF No. 11), arguing that petitioner had not exhausted his state-court remedies for grounds 4(1), 8, and 9. Petitioner stated that if the court found those grounds unexhausted, then he would dismiss them. The court did find the grounds to be unexhausted and dismissed them. Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability on these grounds.

Grounds 4(2), 6, 10, 11, 12, and 13 remain.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Ground 4(2) is a claim that the testimony of Sandra Orellana, the aunt of the victim J.C., violated the Confrontation Clause. The Nevada Supreme Court summarily rejected this claim on direct appeal. Ex. 25, at 1 n.1 (ECF No. 13-10, at 2). J.C. herself testified at trial and was available for cross-examination on these statements. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) (citing California v. Green, 399

U.S. 149, 162 (1970)). The Nevada Supreme Court reasonably could have concluded that this claim was without merit.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 4(2).

Ground 6 is a claim that insufficient evidence exists to support the verdicts of guilt on the two remaining counts of lewdness with a child. The Nevada Supreme Court summarily rejected this claim on direct appeal. Ex. 25, at 1 n.1 (ECF No. 13-10, at 2).

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979) (citing In re Winship, 397 U.S. 358 (1970)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16.

At the time, the lewdness statute provided, in relevant part:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.

Nev. Rev. Stat. § 201.230(1) (2005). J.C. testified that on one day, petitioner touched her breasts and vagina, and that on the following day, petitioner touched her breasts and buttocks. Pornographic videos were playing on a television in the room on both occasions. The Nevada Supreme Court reasonably could have concluded that J.C.'s testimony satisfied Jackson. Her testimony was sufficient for the jury to find that petitioner had committed lewd or lascivious acts, and the jury could infer the necessary intent based upon the videos playing in the background. Ground 6 is without merit.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 6.

Ground 10 is a claim that petitioner's consecutive sentences of life imprisonment with eligibility for parole starting after a minimum of ten years are cruel and unusual punishment in violation of the Eighth Amendment.[2] The Nevada Supreme Court summarily rejected this argument. Ex. 25, at 1 n.1 (ECF No. 13-10, at 2).

The Eighth Amendment prohibits grossly disproportionate sentences. Lockyer v. Andrade, 538 U.S. 63, 71-73 (2003) (citing Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980)). Nevada has developed the same principle. Lloyd v. State, 576 P.2d 740, 742 (1978). The rule regarding the proportionality of a sentence is about as general as possible. "A gross disproportionality principle is applicable to sentences for terms of years." Andrade, 538 U.S. at 72. "[T]he precise contours of [it] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 73. Andrade was a repeat offender, and he received consecutive sentences of life imprisonment with the possibility of parole for two separate thefts of videotapes. The Supreme Court held that the California Supreme Court applied the principle reasonably when holding that the sentences were not grossly disproportionate. In Ewing v. California, 538 U.S. 11 (2003), the Supreme Court held that Ewing's repeat-offender sentence of life imprisonment with the possibility of parole for the theft of three golf clubs totaling $1,200 in value was not grossly disproportionate.[3] If sentences of life imprisonment with the possibility of parole for theft, albeit by repeat offenders, are not grossly disproportionate, then the Nevada Supreme Court could not have applied the principle unreasonably when it determined that petitioner's sentences for much more serious crimes met the standard. Ground 10 is without merit.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 10.

---

[2] Life imprisonment with eligibility for parole after a minimum of ten years was the only possible sentence for a person convicted of lewdness with a child who had not been convicted previously of another sexual offense against a child. Nev. Rev. Stat. § 201.230(2) (2005).
  Section 201.230 was amended in 2015. The amendments do not apply to petitioner. Even if they did, petitioner's sentences would remain the same. See Nev. Rev. Stat. § 201.230(2) (2015).

[3] Ewing came to the Supreme Court after the conclusion of direct review in the state courts, not through a habeas corpus petition in federal courts, and thus the deferential standard of review in § 2254(d)(1) did not apply.

Grounds 11, 12, and 13 are claims of ineffective assistance of trial counsel and appellate counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

"A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). Appellate counsel need not raise every non-frivolous issue on appeal to be effective. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). A claim of ineffective assistance of appellate counsel is evaluated the same way that a claim of ineffective assistance of trial counsel is evaluated. Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

In ground 11, petitioner claims that trial counsel provided ineffective assistance because trial counsel did not request an independent psychological examination of J.C. On this issue, the Nevada Supreme Court held:

> First, Orellana contended that trial counsel was ineffective for failing to request an independent psychological examination of the victim. Because Orellana failed to show that such an evaluation would have resulted in a different outcome at trial, we conclude that the district court did not err by denying this claim. Furthermore, Orellana was not entitled to an evidentiary hearing on this claim because, even if he established the deficiency of counsel, he failed to allege specific facts satisfying his burden of proving prejudice. [Footnote: We also note that Orellana failed to allege specific factual allegations supporting his other claims of

ineffective assistance of counsel that would, if true, entitle him to relief.  Therefore, Orellana was not entitled to an evidentiary hearing on these claims.] See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (explaining that petitioner must show both deficient performance and resulting prejudice in order to obtain relief.

Ex. 48, at 2 (ECF No. 13-33, at 3).  The Nevada Supreme Court was correct about petitioner's failure to allege facts.  In his supplemental state habeas corpus petition, petitioner did not make the showing required under Strickland and Hill v. Lockhart, 474 U.S. 52, 59 (1985).  See Ex. 39, at 8-9 (ECF No. 13-24, at 9-10).  Consequently, the Nevada Supreme Court reasonably determined that petitioner had not suffered ineffective assistance of counsel.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 11.

Ground 12 is a claim that trial counsel failed to object to two incidents of improper comments by the prosecutor, and that appellate counsel failed to raise both incidents on appeal.  First, in the rebuttal closing argument, the prosecutor said, "There is usually two people that know this is happening, the abuser and the abused, and you heard from half of that equation here."  Trial counsel objected to this.  Appellate counsel raised this as an issue on direct appeal.  Ex. 22, at 23 (ECF No. 13-7, at 31).  The Nevada Supreme Court noted that the remark was improper but did not reverse based upon the immediate objection.  Ex. 25, at 5 (ECF No. 13-10, at 6).  Second, during voir dire, the prosecutor made this comment:

> MS. TANASI:  Okay.  And that's what I'm just trying to get at is the fact that a lot of times with kids or even as the Judge explained school teacher with two classmates, supervisor with the employees, it's one person's story versus another person's story.
>
> And you have to sit there and use your common sense, to listen to both of them and see how they react and so forth, and then you have to come to a decision, and that's what we're going to be asking you to do today, and that's what we're going to be asking you to do throughout the trial.

Ex. 9, at 106 (ECF No. 12-9, at 107).  Defense counsel objected, the prosecutor stated that she was trying to explain credibility to the potential jurors, and the judge asked her to move along.  Id.

On this issue, the Nevada Supreme Court held:

> Second, Orellana contended that trial counsel was ineffective for failing to object to the State's comments on Orellana's constitutional right to remain silent and appellate counsel was ineffective for failing to raise this issue on appeal.  Our review of the record reveals that

trial counsel did object to both comments and thoroughly clarified the earlier comment made by the State during voir dire. Therefore, we conclude that trial counsel's performance was not deficient. We also conclude that Orellana did not satisfy his burden of proving that appellate counsel's failure to include one of the two comments in his appellate brief resulted in prejudice. See Foster v. State, 121 Nev. 165, 170, 111 P.3d 1083, 1087 (2005) (explaining that the court need not consider both prongs of the Strickland test if the petitioner makes an insufficient showing on either prong). Accordingly, we conclude that the district court did not err by denying this claim.

Ex. 48, at 2-3 (ECF No. 13-33, at 3-4). The arguments with respect to trial counsel in ground 12 are without merit because trial counsel did object to the prosecutor's comments. The argument with respect to appellate counsel in ground 12 are without merit regarding the prosecutor's comment in the rebuttal closing argument because appellate counsel did raise the issue on direct appeal. Appellate counsel did not raise on appeal the prosecutor's comment in voir dire. However, the Nevada Supreme Court reasonably could have concluded that petitioner had not demonstrated any prejudice because of the context of the comment. The prosecutor was asking potential jurors how they judge the credibility of two people who are having a dispute. Nothing in the exchange appeared to be a comment on petitioner's post-arrest silence or potential decision not to testify.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 12.

Ground 13 is a claim that trial counsel provided ineffective assistance in the closing argument because trial counsel tried to quantify the standard of reasonable doubt. Trial counsel said:

> One of the examples I like to give is if you think about the State's case as like a balloon. And as they give you evidence, it's like putting air into that balloon, so that the balloon or the State's case starts to get bigger like that.
>
> Now, if you walk up to this balloon with a big old butcher knife—and we'll call that the really big reasonable doubt—and you stab the balloon, what happens to the State's case? It deflates. It deflates. It won't hold air.
>
> Well, what happens if you walk up that same balloon with just a little sewing needle, a small reasonable doubt, very small compared to the knife, and you stab the balloon?
>
> The exact same result. The balloon still deflates, and that's because there's no size requirement when it comes to reasonable doubt. You don't have to have a big doubt as long as it's reasonable.
>
> The same example works is if I've got lots and lots of these needles, inconsistencies, no other witnesses, no medical, no psychological, nothing else.

> If I've got all these little needles, they all puncture the balloon, but, you know what, one needle by itself will do it as well. It only takes one reasonable doubt no matter what the size.

Ex. 15, at 100-01 (ECF No. 12-15, at 101-02). The prosecutor's response to this argument on rebuttal drew an objection, and petitioner raised the matter on appeal. The Nevada Supreme Court stated:

> Here, in responding to Orellana's closing argument regarding reasonable doubt, the prosecutor commented that the jury could have doubts regarding the date that the incident occurred or the clothes that J.C. was wearing and, at the same time, carefully reiterated that the jury must find Orellana not guilty if it had any reasonable doubt about any material element of the charge. Since the prosecutor correctly clarified the reasonable doubt standard, see NRS 175.211(1) ("A reasonable doubt is one based on reason. It is not mere possible doubt."), we conclude that his comments were not improper.
>
> However, we note that defense counsel's remarks during closing argument—stating that any doubt regarding any aspect of the case, no matter how small or immaterial, could constitute a reasonable doubt requiring acquittal—came close to constituting an impermissible comment regarding the reasonable doubt standard. Since these remarks may have implied that the defendant should be acquitted based upon some doubt as to an immaterial fact of the case, we hereby caution defense counsel from straying too far away from the statutorily prescribed reasonable doubt standard. See id.

Ex. 25, at 4-5 (ECF No. 13-10, at 5-6). Petitioner then claimed in his state habeas corpus petition that trial counsel provided ineffective assistance with trial counsel's own comments on the reasonable-doubt standard.[4] The Nevada Supreme Court held:

> Third, Orellana contended that trial counsel was ineffective for attempting to quantify the reasonable doubt instruction. We conclude that counsel's comment did not lower the State's burden of proof and Orellana has failed to satisfy his burden of proving resulting prejudice. Accordingly, the district court did not err by denying this claim.

Ex. 48, at 3 (ECF No. 13-33, at 4). The comments by defense counsel reasonably could be interpreted as a borderline permissible explanation of the high burden of proof upon the prosecution. The comments also reasonably could be interpreted as an impermissible attempt to increase the prosecution's burden of proof by implying that any small doubt on any immaterial matter is enough for the jury to acquit, though the Nevada Supreme Court held on direct appeal that the defense counsel went that far. Either way, the Nevada Supreme Court reasonably could have concluded that

---

[4]The prosecutor's comments are not at issue in ground 13. Petitioner did challenge the propriety of the prosecutor's comments in ground 9, but that ground was not exhausted and the court dismissed it.

petitioner suffered no prejudice, because the worst that could be said about defense counsel was that he was trying to make it more difficult for the prosecution to prove its case.  Ground 13 is without merit.

Reasonable jurists would not disagree with the court's conclusion, and the court will not issue a certificate of appealability for ground 13.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (ECF No. 6) is **DENIED**.  The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: This 18th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge